[*Submitting counsel below*]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*,<br>N.D. Cal. No. 23-cv-06708<br>D. Ariz. No. 25-cv-4276 | Case No. 23-md-03084-CRB<br><br>Honorable Charles R. Breyer<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO PERMIT EVIDENCE UNDER FRE 412** |

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| JAYLYNN DEAN,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | No. 25-cv-4276-PHX-CRB<br><br>Judge: Honorable Charles R. Breyer<br>Ctrm.:  501 |

Pursuant to N.D. Cal. Civil Local Rules 7-11 and 79-5, Plaintiff respectfully submits this Administrative Motion to File Under Seal Plaintiff's Opposition to Defendants' Motion to Permit Evidence Under FRE 412.

Uber's Motion to Permit Evidence, ECF 4824, was filed under Federal Rule of Evidence 412. Under that Rule, "[u]nless the court orders otherwise, the motion, related materials, and the record of the hearing must be and remain sealed." Fed. R. Evid. 412(c)(2). Plaintiff's Opposition and Exhibits are "related materials" and should be sealed.

In the alternative, the Opposition and Exhibits A and B should be sealed because they involve intimate and sensitive aspects of Plaintiff's and third parties' personal lives, Plaintiff's medical and mental health records, and the names of third parties.

I.   **LEGAL STANDARD**

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-1102 (9th Cir. 2016). Good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents here are related to the scope of evidence related to Plaintiff's past that Defendants may present at trial. Courts consistently recognize that evidentiary rulings about what evidence may be presented are procedural determinations that do not resolve the underlying claims. *2-Way Computing, Inc. v. Nextel Fin. Co.,* 2015 WL 456519, at *1, fn. 1 (D. Nev. Feb. 3, 2015) (stating that "good cause is the standard to apply to… non-dispositive evidentiary motions."). As Defendants' Motion and Plaintiff's Opposition are related to the scope of evidence at trial, rather than resolving the merits of the case, the good cause standard applies.

1

PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO PERMIT EVIDENCE UNDER FRE 412
N.D. CAL. NO. 3:23-MD-03084; D. ARIZ. NO. 25-CV-4276

## II. EVEN IF THE COURT DOES NOT MAINTAIN THE FILINGS UNDER SEAL PURSUANT TO FRE 412(C)(2), PLAINTIFF'S OPPOSITION AND EXHBITS SHOULD BE SEALED FOR GOOD CAUSE.

The information that Plaintiff seeks to seal involves intimate and sensitive aspects of Plaintiff's and third parties' personal lives, Plaintiff's medical and mental health records, and the names of third parties. *See* Kalonia Decl. ¶¶ 3-5. Relevant portions of Plaintiff's Opposition and Exhibits should be sealed to avoid harm to Plaintiff's and third parties' privacy interests.

### A. Failing to Seal the Records Would Harm Plaintiff and Third Parties

First, Plaintiff's Opposition and Exhibits contain information regarding intimate and sensitive aspects of Plaintiff's and third parties' personal lives should be sealed. *Sparks v. Mamer*, 2020 WL 2513675, at *2 (D. Nev. May 15, 2020) (finding that the "desire to protect the intimate aspects of [] sexual history outweigh the public interest in access to judicial documents."); *United States Sec. & Exch. Comm'n v. Levoff*, 2024 WL 4913899, at *2 (D.N.J. Oct. 7, 2024) (concluding that public disclosure of "personal history" and "romantic relationships" would cause "immediate and irreparable harm, including the loss of [] well-established privacy rights."). Courts have found that details of personal lives, including allegations of past abuse, "do[] not create a public interest sufficiently large to outweigh the [] private interests in confidentiality." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 427 (9th Cir. 2011).

Second, Plaintiff's Opposition and Exhibits contain information regarding Plaintiff's medical and mental health history should be sealed. Courts have routinely found that medical and mental health history is sealable under the higher compelling reasons standard. *See Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *3 (N.D. Cal. Sep. 14, 2015) ("[p]laintiff's interest in preserving the privacy of her sensitive mental health records constitutes a compelling reason to seal."); *Meyers v. Kaiser Found. Health Plan Inc.*, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) (finding that compelling reasons exist to seal personal and medical information "because of the strong interest in 'preserv[ing] privacy in a matter of sensitive and highly personal nature."); *Civ. Beat L. Ctr. for Pub. Int., Inc. v. Maile*, 117 F.4th 1200, 1210 (9th Cir. 2024) ("[P]rotecting an individual's constitutional and statutory right to privacy is a compelling interest that may justify sealing a particular medical or health record."). Courts routinely find that "individual privacy rights

in… health records outweigh the presumption in favor of public access to court records." *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases).

Third, Plaintiff's Opposition and Exhibits contain names of third parties are sealable because they are personally identifiable information ("PII"). Courts routinely seal PII under the more stringent compelling reasons standard. *See Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022) ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action") (collecting cases).

Disclosure of the intimate and sensitive aspects of Plaintiff's and third parties' personal lives, Plaintiff's medical and mental health history, and the PII of third parties, would cause significant privacy harms that may result in public humiliation, reputational damage, unwanted media attention, annoyance, and embarrassment. *See* Kalonia Decl. ¶ 6. Fed. R. Civ. P. 26(c).

The significant privacy concerns of Plaintiff and third parties outweigh the public's minimal interest in knowing their identities or highly sensitive information, and warrant the sealing of this information. *See* Kalonia Decl. ¶ 7.

**B.     Less Restrictive Alternative to Sealing Is Insufficient to Prevent Harm**

There is no less restrictive alternative to sealing portions of Plaintiff's Opposition and Exhibits, since the documents are replete with information that can and should be sealed. *See* Kalonia Decl. ¶ 8.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court order that the entirety of Plaintiff's Opposition and Exhibits be maintained under seal pursuant to Fed. R. Evid. 412(c)(2) or, in the alternative, because they contain intimate and sensitive aspects of Plaintiff's and third parties' personal lives, Plaintiff's medical and mental health records, and the names of third parties.

Dated: January 5, 2026                               Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)
**GIRARD SHARP LLP**

<div style="margin-left:3em;">

601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
    Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
    Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

</div>

### **FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: January 5, 2026                  */s/ Andrew R. Kaufman*
                                                     Andrew R. Kaufman