1

2  [Submitting counsel below]

3

4
UNITED STATES DISTRICT COURT
5
OF NORTHERN DISTRICT OF CALIFORNIA
6
SAN FRANCISCO DIVISION

7

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**PLAINTIFF'S TRIAL BRIEF RE: DEFENDANTS' DESIGNATED CROSS EXHIBIT NOS. 4149 AND 4171 FOR DR. DRUMWRIGHT**<br><br>Judge: Honorable Charles R. Breyer<br>Ctrm.: D. Ariz., 501 |
| This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*,<br>N.D. Cal. No. 23-cv-06708<br>D. Ariz. No. 25-cv-4276 | |

16
UNITED STATES DISTRICT COURTS
17
DISTRICT OF ARIZONA
PHOENIX DIVISION
18

| | |
|---|---|
| JAYLYNN DEAN,<br><br>      Plaintiff,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>      Defendants. | No. 25-cv-4276-PHX-CRB<br><br>Judge: Honorable Charles R. Breyer<br>Ctrm.: 501 |

25

26

27

28

**TRIAL BRIEF**

Plaintiff moves to exclude Exhibit Nos. 4149 and 4171, which have been designated by Defendants as potential exhibits for the cross-examination of Dr. Drumwright. Both exhibits are hundred-plus page compilations of various webpages from Uber and RAINN that Dr. Drumright is unable to authenticate, and that present irrelevant, hearsay information, in a manner that is misleading and confusing.

As an initial matter, the authenticity of these compiled webpages is unproven, and cannot be resolved through Dr. Drumwright. *See La Force v. GoSmith, Inc.*, 2017 WL 9938681, at *3 (N.D. Cal. Dec. 12, 2017) (excluding webpages for lack of certification of a qualified person); Fed. R. Evid. 902(13). In addition, to the extent Defendants intend to offer the documents for the truth of any of the voluminous information asserted therein, the contents are inadmissible hearsay. Even if both of these hurdles could be cleared, the Exhibits should still be excluded as they contain irrelevant information, and are confusing and misleading in form and content such that any probative value is outweighed by prejudice.

Exhibit 4149 is a 268-page document that is vaguely described as "Uber's website over time." While the name suggests some type of sampling of all pages on the Uber website (itself irrelevant), in truth the document consists of cherry-picked snapshots of pages compiled into one file. It is unclear how this selection was made, what this collection of pages is intended to represent, how the compilation is intended to be used, and, how Dr. Drumwright could reasonably review and digest these pages in the limited time available. Moreover, the manner of presentation is confusing and misleading. A website is a dynamic and multi-layered experience. Defendants' 268-page printout strips away this real-world context, misleading the jury as to how a consumer would actually perceive the information—both in manner of view (i.e., suggesting that the pages are interconnected and successive in nature) and in volume of content (i.e., suggesting that these documents pervaded the Uber website over time to the exclusion of all else). Exhibit No. 4149 is a document dump that is confusing and misleading, burying the Court, the witness, and the jury under hundreds of pages of digital clutter.

Exhibit 4171 is a 104-page document that is identified merely as "RAINN Website." As

1  with Exhibit 4149 (above), the "RAINN Website" is a misleading collection of Uber-selected
2  RAINN webpages. Again, it is unclear what this collection of pages is intended to represent, how
3  it is intended to be used, or how Dr. Drumwright could reasonably review and digest these pages
4  in the limited time available. It is also misleading and confusing in manner of presentation.
5  Moreover, the pages that Defendants chose to include relate to issues not relevant to this case. *See*,
6  *e.g.*, 04171.0001 (RAINN's financial insights); 04171.0006 (RAINN's financial statements).

7  Plaintiff recognizes that typically the Court needs to see how documents will be used before
8  determining admissibility. For that reason, Plaintiff has reserved most of her objections to Uber's
9  cross documents and will raise them, if appropriate, when Uber seeks to admit the exhibits. But
10 these two exhibits stand apart. To require the witness, the Court, and the jury to wade through these
11 hundreds of pages to find what Dr. Drumwright could possibly authenticate and discuss in ways
12 probative to this case would be an incredible waste of time and create a significant risk of unfair
13 prejudice. Plaintiffs respectfully request that the Court exclude Exhibits 4149 and 4171.

Dated: January 13, 2026

Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

|   |   |
|---|---|
| | By: */s/ Roopal P. Luhana* |
| | Roopal P. Luhana |
| | |
| | **CHAFFIN LUHANA LLP** |
| | 600 Third Avenue, 12th Floor |
| | New York, NY 10016 |
| | Telephone: (888) 480-1123 |
| | Facsimile: (888) 499-1123 |
| | luhana@chaffinluhana.com |
| | |
| | *Co-Lead Counsel* |

## FILER'S ATTESTATION

I am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: January 13, 2026          By:   */s/ Andrew Kaufman*
                                       Andrew Kaufman