1  [*Submitting counsel below*]

UNITED STATES DISTRICT COURT
OF NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**PLAINTIFF'S TRIAL BRIEF RE: SCOPE OF KANSAL TESTIMONY**<br><br>Judge: Honorable Charles R. Breyer<br>Ctrm.: D. Ariz., 501 |
| This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*,<br>N.D. Cal. No. 23-cv-06708<br>D. Ariz. No. 25-cv-4276 | |

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| JAYLYNN DEAN,<br><br>         Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>         Defendants. | No. 25-cv-4276-PHX-CRB<br><br>Judge: Honorable Charles R. Breyer<br>Ctrm.: 501 |

**TRIAL BRIEF RE: SCOPE OF KANSAL TESTIMONY**

On January 28, 2026, the Court struck portions of the testimony of Chad Dobbs for offering driver-specific testimony that was outside the scope of his witness disclosure and deposition in the case. Trial Tr. at 2312. Now, Uber is set to try again on Friday, this time with Sachin Kansal, Uber's Chief Product Officer. But Mr. Kansas was never disclosed as a witness with knowledge of this ride and this driver and was never deposed on those topics. His testimony was disclosed as limited to "Uber's commitment to safety during his tenure at the company, including Uber's release of multiple safety features over time." ECF 4840 at 3. The Court should limit the scope of Mr. Kansal's testimony as it did Mr. Dobbs's.

Mr. Kansal is one of Uber's most senior executives and a member of its Executive Leadership Team.[1] By Uber's own account, based on Mr. Kansal's sworn declaration, Mr. Kansal "do[es] not have personal knowledge of the events underlying and related to Plaintiffs' cases." ECF 2428 at 18 (citing Kansal Declaration). He is "not involved with reviewing driver background checks." ECF 4242-7 [Kansal Decl.] at ¶ 7.[2] He is "not responsible for responding to or investigating incidents of any nature between drivers and riders, including Plaintiffs' allegations of sexual misconduct." *Id.* And he does "not make decisions regarding rider or driver account deactivations." *Id.*

Mr. Kansal was not included in Uber's initial disclosures, either its general ones or its *Dean*-specific ones. When Plaintiffs sought to depose Mr. Kansal, Uber moved for a protective order under the apex doctrine, arguing that:

> Mr. Kansal has no unique personal knowledge of the facts at issue. He does not have personal knowledge of the events underlying and related to Plaintiffs' cases. He also does not possess unique personal knowledge about Uber's safety measures and practices that Plaintiffs allege were inadequate.

ECF 2428 at 1 (citing Kansal Declaration).

Judge Cisneros allowed the depositions of four executives, including Mr. Kansal, but, because "making several such senior leaders … available for depositions collectively imposes a significant burden on Uber," Judge Cisneros limited those four depositions to "a collective total

---

[1] *See* https://www.uber.com/us/en/about/leadership/sachin-kansal/
[2] Filed under seal

of eighteen hours." ECF 2600 at 7. Plaintiffs took Mr. Kansal's deposition on May 28, 2025, mere weeks after the Court selected the Wave 1 bellwethers. *See* PTO 26 (ECF 2894). For obvious reasons, Plaintiffs asked no questions about any Wave 1 Plaintiffs or their drivers.

Before trial, Uber included Mr. Kansal on its witness list, with the scope of his testimony limited to "Uber's commitment to safety during his tenure at the company, including Uber's release of multiple safety features over time." ECF 4840 at 3; *see also* ECF 5058 at 3 (same). Even though Mr. Kansal was not listed on any of Uber's initial disclosures, Plaintiff did not object to his testifying at trial given that Mr. Kansal was deposed and his anticipated testimony generally reflected what Uber had previously represented as the scope of his relevant knowledge.

The problem is now Uber seems intent on using Mr. Kansal's testimony to put in the evidence about Mr. Turay that the Court prohibited the company from doing with Mr. Dobbs. The exhibits Uber has disclosed to use with Mr. Kansal include:

- 1066 re "Hassan Turay Total Trips and Ratings"
- Ex. 4000 – Fare Addendum Executed by Hassan Turay
- Ex. 4054 – Hassan Turay Feedback and Ratings Spreadsheet
- Ex. 4074 – Log of Courses Sent to Hassan Turay
- Ex. 4142 – Hassan Turay Feedback and Ratings Log
- Ex. 4162 – Background Reports for Hassan Turay
- Ex. 4230 – Hassan Turay RideCheck Log
- Ex. 502 – Hassan Turay Communications Log
- Ex. 503 – Hassan Turay Safety Lens
- Ex. 519 – Turay-Dean Mobile Events Log

None of these documents is in Mr. Kansal's custodian file. Mr. Kansal was never identified as a witness with knowledge about the facts of this specific ride and this specific driver: not in Uber's initial disclosures (in which he did not appear), not in Uber's motion to preclude his deposition, and not in Uber's trial witness lists. Uber even relied on Mr. Kansal's limited knowledge to secure a favorable order from Judge Cisneros limiting the time of his deposition (under an overall cap applied to Uber's senior executives collectively).

1   This makes sense: There is no reason that one of the 12 or so most important people at a
2   gigantic company would know anything about one specific ride. To learn those facts, Plaintiffs
3   took many 30(b)(6) depositions, including of Ms. Nilles, Mr. Wong, and Mr. Greg Brown. Uber
4   declined to bring any of those witnesses to trial. (Plaintiffs had to subpoena Ms. Cissna.) Instead,
5   Uber chose Mr. Kansal.
6   The Court should preclude Mr. Kansal from testifying about the specific facts of Mr.
7   Turay or the ride at issue in this case.

Dated: January 29, 2026                          Respectfully submitted,

By: */s/ Sarah R. London*
    Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
    Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
    Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: January 29, 2026        By:    */s/ Andrew R. Kaufman*
                                      Andrew R. Kaufman